**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM MCGHEE,**

     **Plaintiff,**

**vs.**                                 **Case No. 4:25-cv-529-AW-MAF**

**BANK OF AMERICA,**

     **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil complaint against Bank of America alleging violations of numerous federal financial statutes. ECF No. 1. Plaintiff's complaint did not comply with the Local Rules or the Federal Rules of Civil Procedure, and he was given the opportunity to file an amended complaint correcting the issues. ECF No. 4. His deadline for doing so was February 17, 2026. Id. The deadline passed five weeks ago and nothing has been received from Plaintiff. No mail was returned. Dismissal is warranted.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Furthermore, the Eleventh

Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Id. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).

Here, Plaintiff's original complaint failed to comply with the Local Rules. Plaintiff's handwriting was not legible in many places; he failed to explain how Defendant violated any of the statutes listed; and failed to explain the facts of the case. He was given an opportunity to file a sufficient amended complaint. As of this date, Plaintiff has failed to file anything more. It appears Plaintiff has abandoned this case. Because Plaintiff has failed to prosecute this case and failed to comply with a court order, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida on March 23, 2026.

<u>**s/ Martin A. Fitzpatrick**</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

4:25-cv-529-AW-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

4:25-cv-529-AW-MAF